TEXAS & PACIFIC R'Y CO. v. WM. DOHERTY ET AL.

(No. 3445.)

APPEAL from Tarrant County. Opinion by WHITE, P. J.

FINCH & THOMPSON, counsel for appellant.

No counsel appeared for appellee.

§ 164. *Negligence; joint wrong-doers not liable to each other; damages held excessive; case stated.* On the night of the 21st of December, 1889, appellee William Doherty was a passenger on one of the cars of the North Side Street Railway Company, and while said car was crossing the railway and reservation of the appellant, in Ft. Worth, Texas, he was thrown from the front platform of said street car by a collision between the street car and a box car of appellee which had been left standing near the street car track. This street car line runs south on Taylor street in said city until it intersects the railway reservation, which is several hundred feet wide. It runs thence across said railway reservation and across various tracks of appellant, and onto the "south side" of said city. On the day previous to the night of the accident a box car had been left standing near the street car track, but not in such a position as to interfere with passing street cars when driven at the usual rate of speed. The driver of the car upon which Doherty was a passenger at the time of the accident had been driving over this part of the line during the day pre-

vious to this night, had seen the position of this car, and knew its close proximity to the street car track. At this point where the street car crossed said railway and reservation, and where the accident occurred, the street never had been opened up, nor graded and graveled, by the city. On the night in question, the car upon which Doherty was a passenger was returning from the opera house at a late hour. Most of the passengers had left the car on Taylor street before it reached the railway reservation, and for some minutes before the accident there was ample room in the street car for Doherty to stand or sit, but he stood on the front platform with the driver. At the time of the accident the car was being driven very fast,—"about as fast as the mules could go.", One witness said, though accustomed to riding on street cars, "he never saw one being driven faster." By the collision, plaintiff was thrown off the platform onto the ground. He was dazed; his upper lip cut through so that it was necessary to have it sewed up. He paid, for medical attendance in dressing the cut, only $5. Doherty came to his office next day, and spent one hour, and thereafter, and on each succeeding day, attended regularly to his duties. The cut healed, leaving a slight scar. He suffered no other injury. For this injury Doherty sued both the North Side Street Railway Company and the Texas & Pacific Railway Company.

Appellant answered by general and special demurrer, and also by general denial. It also set up by special answer the contributory negligence of Doherty in riding on the outside of the car, as well as the negligence of the driver of the street car in going at a high rate of speed, when the close proximity of the box car was known to him. It was in evidence that a street car, when driven at a rapid rate, will sway about and vibrate more than when driven at a moderate rate, and that the box car only stood a few inches from the street car line on the day previous, when the driver saw it. Upon a trial, the

jury returned a verdict against the North Side Railway Company and appellant for $200, and a verdict also against appellant in favor of the North Side Street Railway Company for like amount, and judgment was entered accordingly. Motion for new trial being overruled, bond and assignments of error filed, appellant, the Texas & Pacific Railway Company, prosecutes this appeal.

We are of opinion that the court erred in rendering judgment over against the Texas & Pacific Railway Company in favor of the North Side Street Railway Company. If both parties were liable to Doherty, they were joint wrong-doers, and the North Side Street Railway Company would have no cause of action against the Texas & Pacific Company, who was a joint wrong-doer with it. [2 Civil Cas. Ct. App., § 601.] Appellant's fourth and fifth special charges, to the effect that if both defendants were liable neither would have the right of recovery over against the other, were erroneously refused by the court. It was also error for the court to refuse appellant's special requested instruction No. 1, to the effect that if the driver of the street railway company was guilty of negligence which caused the accident, then the Texas & Pacific Railway Company would not be liable. There being no privity between these parties, and the accident being caused by the proximate negligence of the street railway company, the negligence of appellant, if any, in leaving its car on the track being remote, appellee would have no cause of action against appellant, the Texas & Pacific Railway Company. The rule is that, if subsequent to the original wrongful or negligent act a new cause has intervened of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote. [3 Civil Cas. Ct. App., § 371; Brandon v. Manufacturing Co., 51 Tex. 121; Seale v. Railway Co., 65 Tex. 274.] We are further of opinion that the verdict and judgment are excessive. The only injury which plaintiff was shown to have received was

a cut in his upper lip, for treating which his physician charged him only $5. He lost a portion of one day's work, and suffered no other injuries or loss in time ·or money. Ordinarily compensation for the actual loss and injury is the measure of damages where exemplary damages are not sought and recovered.

November 8, 1890.          Reversed and remanded.