Missouri, Kansas & Texas Railway Company of Texas v. J. P. Morgan et ux.

Decided February 12, 1908.

**1.—Carriers of Passengers—Negligence—Probable Results.**

As to what was or would be the natural or probable result of the negligence of a railroad company in carrying a female passenger in delicate health past her destination, involves a question of fact to be determined by the jury under the conditions and circumstances then existing. Evidence as to injuries alleged to have been received by such a passenger by reason of having been carried beyond her destination, considered, and held to require the submission of the issue of natural or probable consequences to the jury.

**2.—Same—Injury Anticipated.**

It is not essential to a recovery for the negligence of another that the precise injury which did in fact occur might or must have been anticipated; it is sufficient that from the situation and conditions then existing some injury might have been sustained as the natural and probable result of the negligent conduct and that injury did in fact occur.

**3.—Charge—Proximate Cause—Case Approved.**

Upon the subject of proximate cause, the court charged the jury as follows: "By the term proximate cause is meant the efficient or direct cause, without which the injury complained of would not have occurred." Held, correct as far as it went, but not sufficiently full. The rule on this subject in Gulf C. & S. F. Ry. Co. v. Turner, 93 S. W. 197, approved.

**4.—Practice—Charge—Repetition.**

When the trial court gives one of several charges requested presenting the same subject, a party cannot complain of the refusal of the others.

**5.—Contributory Negligence—Burden of Proof.**

The burden is on a defendant pleading contributory negligence on the part of the plaintiff, to prove the same.

**6.—Contributory Negligence— Evidence—Charge.**

Under a plea that plaintiff was guilty of contributory negligence in failing to secure the necessary wraps to protect her from the inclement weather when leaving defendant's train, it was incumbent on the defendant to show that the plaintiff could have procured such wraps by the use of ordinary care and prudence, and in the absence of such showing the refusal of a special charge submitting the issue was not error.

**7.—Evidence—Relevancy.**

In a suit by the husband and wife against a railroad company for damages for carrying the wife beyond her destination, the wife having testified that while on the train she told the train auditor her destination and that he promised to let her off at said station, the testimony of the husband that upon arrival of the train at said station he asked the auditor if his wife was on the train, was not altogether irrelevant.

**8.—Railroads—Failure to Call Station—Not Negligence per se.**

There being no statute requiring it, it is not negligence as matter of law

for a railroad company to fail to call the name of the station at which a passenger train is about to stop, and when the evidence was conflicting upon the issue whether or not the station was in fact called, it was reversible error for the court to peremptorily instruct the jury that a failure to do so was negligence.

**9.—Issue—Affirmative Presentation—Requested Charge.**

There being evidence raising the issue, it was error for the court to refuse special charges affirmatively presenting the question and instructing a verdict for the defendant if the jury believed that plaintiff's suffering was not caused by the negligence of the defendant, and this, although the issue was submitted in a general way in the main charge.

Appeal from the District Court of Johnson County.   Tried below before Hon. O. L. Lockett.

*Coke, Miller & Coke* and *Ramsey & Odell,* for appellant.—Under the first and second assignments, cited:   Texas & P. Ry. Co. v. Buchanan, 32 S. W., 348; Western U. Tel. Co. v. Murray, 68 S. W., 549; Texas & P. Ry. Co. v. Cole, 66 Texas, 563.

Under the third, fourth and fifth assignments, cited:   St. Louis S. W. Ry. Co. v. Hall, 15 Texas Ct. Rep., 869; St. Louis S. W. Ry. Co. v. Hall, 12 Texas Ct. Rep., 377; Texas & P. Ry. Co. v. Woods, 28 S. W., 438; Texas & P. Ry. Co. v. Buchanan, 32 S. W., 348; Railway Company v. Williams, 37 S. W., 348; Western U. Tel. Co. v. Murray, 68 S. W., 549; Railway Company v. McGlamory, 89 Texas, 635; Railway Company v. Sheider, 88 Texas, 152; Railway Company v. Rogers, 91 Texas, 52.

Under the tenth assignment, cited:   Gulf, C. & S. F. Ry. Co. v. Turner, 93 S. W., 197; Texas & P. Ry. Co. v. Bingham, 90 Texas, 223; Milwaukee Ry. Co. v. Kellogg, 94 U. S., 469.

As there was evidence tending to show that the appellee walked rapidly through the depot at Fort Worth and stumbled over a step in entering said depot, and by reason thereof was greatly exhausted, the appellant was entitled to have the jury instructed that if her conduct in so doing was negligence, and was the proximate cause of, or proximately contributory to, any injuries or suffering sustained by her as a result of walking from the train to said conveyance, they should find for appellant as to any such injuries or suffering.

The appellant having alleged that Mrs. Morgan was guilty of contributory negligence in failing to provide herself with sufficient wraps or conveyance for the drive from Burleson to her home on the morning of her arrival, and said allegation being supported by the evidence, the appellant was clearly entitled to have said issue submitted to the jury by proper instruction.   Texas & P. Ry. Co. v. Cole, 66 Texas, 563; St. Louis S. W. Ry. Co. v. Rose, 15 Texas Ct. Rep., 604; Dallas City E. St. Ry. Co. v. English, 15 Texas Ct. Rep., 606; Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413.

Sixteenth assignment of error.   "The court erred in the fourteenth paragraph of its charge to the jury in instructing the jury as to the measure of plaintiff's duty after being carried by her station, in limiting that duty to the exercise of ordinary care until her return to Burleson on the train next day; because, it being alleged and

claimed by the plaintiffs that the plaintiff, Mrs. Anna Morgan, suffered from cold and exposure in going from the train and town of Burleson to her home after she arrived in Burleson, it was her duty, under the allegations and evidence in this case, to use ordinary care for her own safety and protection in making said trip from Burleson to her home, and if she failed to do so the defendant would not have been liable for any injury to her caused by reason thereof."

*S. C. Padelford,* for appellees.

FISHER, CHIEF JUSTICE.—This is a suit by the appellees, J. P. Morgan and wife, Mrs. Anna Morgan, to recover damages on account of injuries sustained by the latter while a passenger on one of appellant's trains. Verdict and judgment were in appellees' favor for $4,000.

It appears from the facts that Mrs. Morgan, about a year prior to the time that the injuries are claimed to have been sustained in this case, was treated at Temple, Texas, for womb trouble, or womb disease. A short time prior to the time she is alleged to have been injured she again left her home at Burleson, the second station south of Ft. Worth on appellant's road, and returned to Temple, Texas, for treatment for the same disease under the same physicians by whom she had been formerly treated. She remained there for some time under the treatment of these physicians, and was discharged as apparently cured. She and her sister procured tickets at Temple, Texas, over the line of appellant's road to Burleson, Texas; and by the aid of some of the train crew at Temple, Texas, she was assisted on board of appellant's passenger train bound for Burleson, her home. A short time before the train reached Burleson, she spoke to the auditor, the officer in charge of the train who collected the fares and tickets, and who performed some of the duties and functions usually resting upon a conductor, that she desired to get off at Burleson, and would need assistance in so doing, and substantially told him that she was not well. The auditor proffered his assistance and told her that Burleson would be the second station reached.

She alleges, and so testifies, that prior to the train's reaching Burleson, she was not again approached by the auditor, nor was the station Burleson announced or called, and that she did not know that Burleson had been reached until after the train had passed that place. Then she called the auditor's attention to that fact and the auditor explained what he understood to be the mistake, and furnished her money with which to pay her hotel expenses at Ft. Worth, and an amount necessary to pay the expenses of her return trip from Ft. Worth to Burleson. She was carried on to Ft. Worth, and when that point was reached the auditor requested a transfer man to take her and her sister to a hotel, and she was carried to the hotel in a conveyance, where she remained until the next morning, and took the train back to Burleson, and reached there some time the next morning.

It is alleged as negligence that the auditor and the servants in charge of the train failed to call the station Burleson when passing, and that they negligently carried her by, knowing that she was destined to that point, and that the train did not stop a sufficient length of time at Burleson in order to permit her to alight.

Mrs. Morgan testified that she did not know when she reached Burleson, but was depending upon the auditor and also upon someone calling the station when that place was reached. While she was going from the train through the depot at Ft. Worth to take the conveyance to carry her to the hotel, her foot came in contact with some obstruction in the building; and it further appears that the next morning in leaving the hotel to return to the depot in order to take the train, in getting into the conveyance she got her feet wet; and that after she got back to Burleson she had to go from the depot to her home in an open conveyance, her home being located some distance from the depot. That by reason of these facts and the exposure to bad and rainy weather, which was then existing, she suffered a relapse of her womb trouble, which there is evidence tending to show is of a serious and permanent nature. It also appears that there was some mental prostration and suffering by reason of the fact of her being carried by Burleson.

There is evidence upon the part of the Railway Company that the station Burleson was properly announced before the train reached that place.

Appellant's first and second assignments of error are to the effect that the court erred in refusing to give its special charges Nos. 9 and 20, which are peremptory instructions to find for the defendant, because the injuries and exposure to which the plaintiff was subjected could not have been reasonably anticipated and foreseen as the natural and probable result of being carried by the station Burleson. The court did, in a general way, instruct the jury that the plaintiff could only recover in the event that the negligence of the Railway Company was the proximate cause of the injuries sustained; and in the latter part of the 14th subdivision of the charge there is an instruction to the effect to find for defendant, if the acts and conduct of Mrs. Morgan at Ft. Worth could not have been foreseen as the natural and probable result of being carried by Burleson. It was an issue of fact as to what was or likely would be the natural or probable result of appellant's negligence in carrying her by her station; and the conditions and circumstances then existing should be considered by the jury upon that subject, and it would have been improper to have taken that question away from them by the peremptory instruction requested. Furthermore, these instructions are to the effect that the one guilty of negligence, in order to be held responsible, must anticipate the precise injury that resulted. This is not the law as we understand it. The principle is that it is not essential to recovery that the precise injury may or must have been anticipated, but that from the situation and conditions then existing some injury may be sustained as the natural and probable result of the negligent conduct. (Trinity Lumber Company v. Denham, 85 Texas, 60; Rice v. Dewberry, 93 S. W., 719.)

What we have said in effect disposes of the third, fourth and fifth assignments of error. They are based upon the action of the court in refusing instructions to the effect that in order for the plaintiff to recover the jury must believe that the precise injuries sustained, or the acts from which they arose, could or should have been anticipated by appellant.

The tenth assignment of error complains of the charge of the court on proximate cause. The charge, as far as it went, was correct, but we suggest that it be more complete on another trial, and follow the rule announced in Gulf, C. & S. F. Ry. Co. v. Turner, 93 S. W., 197.

The eleventh, twelfth and thirteenth assignments of error complain of the action of the trial court in refusing charges which directly and in an affirmative way called the jury's attention to the question whether Mrs. Morgan was guilty of contributory negligence in going upon the wet and muddy street in entering the hack at Ft. Worth on the morning of her departure for Burleson. The three charges present practically the same question; and in view of the fact that the court did, at the request of appellant, give its charge No. 11, covering the same subject, there was no error in refusing these instructions. When a party requests two or more charges presenting the same question, and the court selects and gives one of them, he is in no condition to complain if the others are refused.

We are not satisfied that the evidence would justify the charge requested and set out under appellant's fourteenth assignment of error, and which was refused; but if upon another trial the evidence would justify such a charge, it would be proper to give it on the issue of contributory negligence as to the conduct of Mrs. Morgan therein mentioned. The same may be said of the charge requested as set out under the fifteenth assignment. Upon this subject it is well to say that the burden is upon the appellant to show the state of facts that raise the issue of contributory negligence. As to the question raised under the fourteenth assignment, it does not appear that the transfer man would have accommodated his movements to those of the plaintiff upon the request to so do; nor is the evidence satisfactory that she was walking too fast. As to the issue presented by the fifteenth assignment, it is not made to appear that Mrs. Morgan could have procured the wraps at Burleson when she arrived there. These matters can not be taken for granted, but there must be some evidence raising the question.

The objection to the charge urged in the sixteenth assignment of error will doubtless be corrected on another trial.

There are several assignments of error which complain of the action of the trial court in admitting certain testimony of Mrs. Morgan and her husband. We have examined into the questions raised, and are satisfied that the evidence was admissible.

The expressions in the charges complained of by the twenty-third, twenty-fourth and twenty-fifth assignments of error border closely upon expressions on the weight of evidence, and doubtless the charges in this respect will be corrected upon another trial.

The twenty-sixth assignment of error complains of a charge given

at the request of the plaintiff. We overrule the assignment. We overrule appellant's twenty-seventh assignment of error. We think the evidence of Morgan there complained of was admissible to go to the jury for what it was worth, in view of the testimony of Mrs. Morgan as to what had previously passed between her and the auditor. It could be considered for what it was worth as evidence tending to show that the auditor's attention was called to the fact that Mrs. Morgan desired to get off at Burleson. It may be true that the auditor did not know that Mrs. Morgan was the wife of J. P. Morgan, but according to her testimony the auditor agreed to let her off at that place, and assist her in alighting, and when J. P. Morgan approached him and asked him if his wife was on the train at the time that the train was at a stop at Burleson, we can not say but what the jury may have given the inquiry of Morgan some importance as refreshing the recollection of the auditor as to the conversation with Mrs. Morgan, and as to his promise to let her off at that place; and in this connection it is well to say that we are also of the opinion that the appellant was entitled to the charge requested and set out under the twenty-eighth assignment of error.

Appellant's twenty-ninth assignment of error complains of the action of the court in submitting as items of damages doctors' bills and drug bills. This, on the ground that there was no evidence tending to show that they were reasonable. This objection will be obviated on another trial.

We now come to what we consider reversible errors. The tenth paragraph of the charge of the court, which is complained of in the twenty-first assignment, is to the effect that it was the duty of the defendant's employes in charge of the passenger train to call the station of Burleson when the train reached that station, in a sufficiently loud tone of voice to apprise Mrs. Anna Morgan, who was a passenger thereon, of that fact, etc. It was a contested issue on the trial of this case whether the station Burleson was called. Mrs. Morgan contended that it was not called, and the appellant's evidence is to the effect that it was called. If the station had been called and Mrs. Morgan heard the call, it would have been her duty to have made some effort to get off. This charge instructs the jury that, as a matter of law, it was the duty of those in charge of the train to call the name of the station in a sufficiently loud tone of voice to apprise passengers that the station had been reached. There is no statute requiring this to be done, and it is not one of those absolute duties that are indispensible to the safety of the passengers. The arrival of a train at a station may be known without the necessity of calling its name; and we know of no rule that would justify the court in peremptorily instructing the jury that the duty was imposed upon those in charge of the passenger train to call the station. This question was directly passed upon in the case of Houston & T. C. R. R. Co. v. Goodyear, 28 Texas Civ. App., 206.

The appellant's sixth, seventh, eighth and ninth assignments all raise the same question. They are to the effect that if the jury

should believe that Mrs. Morgan had been suffering from illness from diseased womb and ovaries, or other illness, and that such illness or suffering would have been caused if she had not been carried by Burleson, and that it was not proximately caused by being carried by such station, then to find for the defendant on that issue. There is evidence in the record which would justify the submission of this question to the jury. It is true the court in its charge did, in a general way, instruct upon this subject; but these charges directly and affirmatively present the question to the jury, and we think under the evidence the defendant was entitled to have one of them given, and as the least objectionable of the four upon this subject we have selected charge No. 28, set out under the eighth assignment of error, as the one proper to be given.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*