TEXAS & P. RY. CO. v. HALL.   (No. 1395.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 21, 1915.)

1. EXCEPTIONS, BILL OF  ⊚⇒56—SUFFICIENCY —CERTIFICATE OF TRIAL JUDGE.

A bill of exceptions to the giving of certain portions of the charge and the refusal of requested charges, which contained a certificate of the trial judge stating that the first four grounds of a motion for new trial were presented to him before he read his charge to the jury, is insufficient, since it does not itself show without reference to the motion for new trial the specific objection relied on.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 94–96; Dec. Dig. ⊚⇒56.]

2. EXCEPTIONS, BILL OF  ⊚⇒56—SUFFICIENCY —CERTIFICATE OF TRIAL JUDGE.

In a bill of exceptions complaining of error in a portion of the main charge, a certificate of the trial judge which did not show what ruling the court made when the objection was presented is insufficient under Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a, 1954, 1970, 1971, 1973, 1974, 2061).

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 94–96; Dec. Dig. ⊚⇒56.]

3. MASTER AND SERVANT  ⊚⇒136—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—KNOWLEDGE OF DANGER.

Where an engineer of a construction train knew, or had good reason to believe, that some of the train employés might be in the caboose while he was switching cars on the train, but negligently ran into the train so violently as to injure a derrick fireman who was in the caboose, the railroad is liable, even though the engineer did not know, and had no reason to

believe, that that particular employé was in the caboose.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 272; Dec. Dig. ⚖136.]

4. MASTER AND SERVANT ⚖136—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—KNOWLEDGE OF DANGER.

Where a caboose was attached to a construction train to furnish a place wherein the crew might ride, sleep, and keep their clothing and provisions, the engineer of the train had reason to believe that a member of the crew not having any duties connected with the switching that was being done at the time might be in the caboose.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 272; Dec. Dig. ⚖136.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Albert Hall against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. Lane & Lane and M. B. Parchman, all of Marshall, for appellee.

HODGES, J. The appellee sued the appellant to recover damages resulting from personal injuries sustained while in the service of the appellant. The proof shows that in October, 1913, the appellee was the fireman of a derrick engine which was being used in loading and unloading steel rails from the cars of a construction train. The crew to which the appellee belonged was at or near Eagle Ford, a station on the appellant's line. They had stopped at this place to do some switching in shifting the relative position of some of the cars in that train. This train was composed of the car on which the derrick engine was located, some other cars, and a caboose. When they stopped at Eagle Ford the engine was at the west end and the caboose at the east end of the train, and the derrick car between them. While the engine was doing some switching west of the derrick car and the caboose, the appellee and Murray, the engineer of the derrick engine, started to go to the caboose. Just before they reached the caboose Murray stopped, but the appellee went on in. He went there for the purpose of getting his noonday lunch. He testifies that while in the act of stooping down to pick up a valise containing his lunch the engine came back and struck the caboose with such force and violence that it threw him over against a table and produced the injuries of which he complains.

In a trial before a jury a verdict was returned fixing the amount of the damages sustained by appellee at $2,999. The jury, however, decided that he was guilty of contributory negligence, and, in prorating responsibility, fixed his recovery at $1,999.50.

[1, 2] There are several assignments of error complaining of portions of the court's main charge and of the refusal of the court to give certain special charges. The bill of exceptions relied on as authorizing the consideration of these assignments consists of the following certificate attached to the motion for a new trial:

"I hereby certify that the first and second ground for a new trial in the foregoing motion were presented to me in writing before the court's charge was read to the jury and exception taken, and the third and fourth ground in the above motion were presented to me as special charges by defendant before the court's charge was read to the jury, and I indorsed and signed my refusal, and said special charges were then filed by the clerk, and exception taken to the refusal of each.

"H. T. Lyttleton, Judge 71st Judicial Dist."

We do not think this certificate is a sufficient compliance with the law. A bill of exceptions, to be sufficient, should be complete within itself, except where the statute permits a reference to other parts of the record for a statement of the facts necessary to a proper explanation of the ruling to be reviewed. Bills of exception designed to present for revision on appeal charges objected to in the court below should specifically state the objection urged in the trial court, and identify the language or portion of the charge to which the objection is applied. It should also state the ruling of the court on the objection when presented, and that such ruling was excepted to. In the certificate here relied on we are referred to the "ground" of the motion for a new trial for the objection made below. We are then required to search the charge of the court to find the portion complained of. The certificate is also defective in failing to show what ruling the court made when the objection was presented. Acts of 1913, p. 113 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a, 1954, 1970, 1971, 1973, 1974, 2061). The same question presented in the appellant's objection to the main charge is raised in other assignments which may properly be considered, and the insufficiency of the bill of exceptions does not deprive the appellant of the opportunity of having the question here passed on.

[3] It is contended in propositions under different assignments that, unless the engineer in charge of the locomotive which caused the collision knew, or had good reason for believing, that the appellee was in the caboose at the time the collision occurred, the latter would not be entitled to recover, notwithstanding the violence of the impact and the consequent injuries. It appears from the main charge that the court took that view of the law applicable to the case, and made the right of the appellee to recover depend upon the fact that the engineer knew that the appellee was in the caboose at the time, or, by the exercise of ordinary diligence, could have known that fact. It is insisted that there was no evidence that the engineer knew, or, by the exercise of ordinary diligence, could have known, that appellee was in the caboose. If the caboose was struck with the unusual force and violence shown by the testimony of the appel-

lee, causing the injuries of which he complains, and if the engineer knew or had reason to believe that any of the train crew would probably be in the caboose at that time, his conduct in causing the violent collision would be the proximate cause of the injury to the appellee, and would render the railway company liable. It is not necessary, in order to fix liability in a case like this, that the person charged with the misconduct should have anticipated that a particular individual would be injured, or that a particular injury would result. It is enough if the engineer had reason to believe that any member of that train crew would probably be in the car and might be injured in some manner. Railway Co. v. McComus, 36 Tex. Civ. App. 170, 81 S. W. 760; G., C. & S. F. Ry. Co. v. Hayter, 93 Tex. 239, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 856; M., K. & T. Ry. Co. v. Morgan, 49 Tex. Civ. App. 212, 108 S. W. 724; Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162.

[4] The testimony in this case shows that the caboose was a place in which the train crew rode and slept and kept their clothing and provisions. It does not appear that the fireman or the engineer of the derrick engine had anything to do with the switching then in progress. The caboose was the place where they had a right to be, and where they might be expected to be under the conditions existing at that time. There was nothing in the charge that was prejudicial to the appellant. The special charges which embraced the proposition discussed were properly refused.

It is contended, as another ground for reversing the case, that the judgment is excessive. We do not think we can say that this is true as a matter of law. Appellee was only awarded one-half of what the jury found his damages amounted to. This, of course, measures the extent of his recovery. While the jury found that he was guilty of contributory negligence, it is difficult to discover any basis for that finding. However, that question is not involved, and we are not called upon to revise the judgment in that respect.

The remaining assignments are overruled, and the judgment of the district court is affirmed.