ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. BARRETT. (No. 2018.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 15, 1918. Rehearing Denied Nov. 21, 1918.)

1. APPEAL AND ERROR ⊙⟹1033(5)—HARMLESS ERROR—INSTRUCTIONS.

An improper instruction, more calculated to help than to harm appellant, cannot be complained of by him.

2. RAILROADS ⊙⟹275(1) — PERSONS NEAR TRACKS—ANIMALS.

Where one drove a team onto railroad land at a place used for unloading of cars, the railroad owed him, as an invitee, the duty to use ordinary care for his safety, and was liable, where, by reason of negligently causing noise and escape of steam, the team was frightened and ran away.

3. RAILROADS ⊙⟹278(2)—FRIGHTENING ANIMALS—CONTRIBUTORY NEGLIGENCE.

It is the duty of a person driving any team near a locomotive to exercise such care and prudence to prevent such team from running away and causing injury as a person of ordinary care would exercise under the same or similar circumstances for his own safety.

4. APPEAL AND ERROR ⊙⟹1064(2)—HARMLESS ERROR—INSTRUCTIONS.

In an action for damages occasioned by frightening of team by a locomotive, it was harmless error to instruct that persons driving teams "easily frightened" should exercise care for their own safety, where it appeared without dispute that the team was "skittish and would run away sometimes."

Appeal from District Court, Titus County; J. A. Ward, Judge.

Action by R. B. Barrett against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

As a result of a team of mules running away with a wagon they were hitched to, appellee was thrown from the wagon, where he was riding, to the ground, and thereby injured. He claimed that fright of the mules which caused them to run away was due to negligence on the part of employés of appellant in charge of one of its locomotive engines, in that, at a time when said mules were being driven along a way adjacent to appellant's tracks in the town of Mt. Pleasant, said employés in charge of a locomotive engine on one of said tracks at a point near said mules "unnecessarily and negligently caused the said locomotive to emit unusually large quantities of steam and smoke and caused the said locomotive to make unusual and loud noises, and negligently caused said locomotive to throw smoke and steam in some manner unknown to plaintiff towards said team of mules and completely enveloped them in smoke and steam," and in that "although they knew of his (plaintiff's) presence, and knew that his team was becoming unmanageable, they (said employés) continued to cause said locomotive to emit smoke and steam in large and unnecessary quantities and to make unusual and unnecessary noise."

It appeared from the testimony that appellant had several tracks west of its depot in Mt. Pleasant. They ran north and south and crossed Depot street, which ran east and west. Of said tracks the one farthest west, known as "the city track," was used for spotting cars containing freight to be unloaded at Mt. Pleasant. Between this track and the one nearest it on the east was a space 15 or 20 yards wide, which was

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

used as a place for wagons to stand while being loaded from cars on said city track, and as a way for them when loaded to go to Depot street. On the occasion when appellee was injured he, assisted by others, had loaded a wagon with doors and window sash from a car spotted on the city track for the purpose; and was standing in the wagon, holding window sash loaded thereon, while one Jess Jones drove the mules along said way toward Depot street. According to testimony admitted on appellee's behalf, the wagon had moved only a few feet when steam emitted from one of appellant's locomotives on the track immediately east of the way, and 25 or 30 feet from the wagon, enveloped the mules, so frightening them as to cause them to run, whereby appellee was thrown from the wagon and injured.

In the fifth paragraph of his charge the court told the jury it was not the duty of railway companies—

"to keep a lookout for persons traveling along a highway adjacent to its tracks for the purpose of preventing frightening animals driven upon them, but are only required to operate their locomotives without unusual or unnecessary noise and emission of steam, and in case they become aware that animals are about to become frightened or have become frightened, then to refrain from making any unnecessary noises and emitting unnecessary steam that would be likely to frighten them."

In the sixth paragraph he defined negligence as meaning:

"The failure to exercise such care in the performance of a legal duty as a person of ordinary care and prudence would exercise under the same circumstances."

In the seventh paragraph he told the jury it was—

"the duty of persons in control of or using teams easily frightened and unaccustomed to noises and steam such as are ordinarily incident and reasonably necessary in the proper operation of a locomotive to exercise such care and prudence in approaching near to such locomotive as persons of ordinary care and prudence would exercise under the same circumstances for their own safety. And a failure to use such care would be negligence."

In the eighth paragraph he instructed the jury to find in appellee's favor if they believed that appellee was injured by being thrown from a wagon by mules "frightened by steam or noise escaping from one of defendant's locomotives," and further believed "that such steam and noise was caused to escape by the negligence" of appellant's employés.

The judgment from which the appeal is prosecuted was in appellee's favor for $1,750.

E. B. Perkins, of Dallas, J. M. Burford, of Mt. Pleasant, and King & Estes, of Texarkana, for appellant.

T. C. Hutchings, of Mt. Pleasant, and Wilkinson & Davidson, of Mt. Vernon, for appellee.

WILLSON, C. J. (after stating the facts as above). The assignments are predicated upon the action of the trial court in giving certain instructions, and in refusing to give certain requested instructions, to the jury.

[1] First. It is insisted that the fifth paragraph of the charge given, when considered in connection with the sixth and eighth paragraphs thereof, was erroneous and calculated to mislead the jury to the prejudice of appellant's right. We think the part of the charge objected to was not applicable to the case made by the testimony, and should not have been given, but we think it was more calculated to help than to harm appellant with the jury, and therefore that appellant should not be heard to complain of it. It appeared without dispute in the testimony that appellee, with the wagon and team of mules, was not "on a highway adjacent to" appellant's tracks, but was on its premises for the purpose of unloading freight from one of its cars, and therefore was within a rule stated as follows in 3 Elliott on Railroads, § 1248:

"One who comes upon the premises of a railroad company, in the usual course of business with it, for the purpose of loading and unloading or delivering and receiving freight, is not a mere licensee, but is entitled to the care due one who is invited to come upon the premises of another."

[2] Appellant owed to appellee as an invitee the duty to use ordinary care for his safety while he was on its premises. Railway Co. v. Cardwell, 187 S. W. 1073. The question for the jury was whether appellant had exercised such care or not. That question was we think sufficiently submitted to the jury by said sixth and eighth paragraphs of the charge. It follows that we are of the opinion, not only that the contention with reference to said fifth paragraph should be overruled, but also that the contention with reference to said eighth paragraph (that the jury were thereby wrongfully authorized to find appellant guilty of negligence if they believed the mules were "frightened from noise or the escape of steam from a locomotive," although they might also believe that appellant's employés "were without knowledge of the fright of the team or even of their proximity to the locomotive") should be overruled. It appears from appellant's brief that it was of the opinion that appellee must recover, if at all, on the "discovered peril" doctrine. As indicated by what has been said above, we do not agree to that, but think he was entitled to recover if it appeared that appellant had failed to discharge a duty it owed him to exercise ordinary care for his safety while on its premises at its invitation.

[3, 4] In the seventh paragraph of the charge the trial court told the jury, as appears from the statement above, that it was "the duty of persons in control of or using teams easily frightened and unaccustomed to noises and steam such as are ordinarily incident and reasonably necessary to the proper operation of a locomotive" to exercise care for their own safety. Appellant contends it was appellee's duty to exercise care with reference to the mules, whether they were easily frightened, etc., or not, and insists that the instruction therefore was erroneous. In view of said paragraph of the charge given, appellant requested the court to instruct the jury that it was—

"the duty of persons in control of or using teams which from any cause or for any reason may become frightened while being driven while or near where any locomotives are, or where anything may occur to frighten such teams, to exercise such care and prudence to prevent such teams from running away and causing injury as a person of ordinary care would exercise under the same or similar circumstances for their own safety."

If it was error to refuse the request to give to the jury the instruction just quoted (and we think it was, if the testimony made a question as to whether appellee was guilty of contributory negligence or not), the error should, we think, be treated as harmless, in view of the fact that it appeared without dispute in the testimony that the mules were "skittish, and would run away sometimes." But we have not been referred to, and have not found in the record, testimony which we think required the submission to the jury of an issue as to whether appellee was guilty of contributory negligence or not. There is nothing in the record as we read it suggesting that appellee did anything which contributed to cause the mules to run away which a reasonably prudent person would not have done, or failed to do anything such a person situated as he was would have done to prevent them from running away, or injury to himself when they did run away. The judgment is affirmed.