### PAULINE VICTORIA GONZALES V. CITY OF GALVESTON.

#### No. 3406.

1. **Negligence—Proximate Cause.**—Lumber was piled upon a public street in the city of Galveston. A drayman passing struck the pile of lumber, caused pieces to fall which injured the plaintiff. Suit for damages for the injury. *Held*, that whether the city was guilty of negligence in permitting the lumber to be piled upon the street, and knew or was chargeable with notice, were facts for the jury, and this although without the act of the drayman the injury would not have been caused. It was error to withdraw the issue from the jury.

2. **Same—Concurrent Proximate Cause.**—If the city was guilty of negligence and it was a concurrent proximate cause of the injury, and the plaintiff was guilty of no contributory negligence, she should recover. The jury should determine these issues from all the facts, taking into consideration the powers, duties, and rights of the city under its charter and city ordinances.

3. **Immaterial Issue.**—If the presence of the lumber pile upon the street was negligence, it would be immaterial how carefully the lumber was piled.

4. **Proximate Cause.**—By proximate cause we do not mean the last act of cause, or nearest act to the injury, but it must be a concurring cause such as might reasonably have been contemplated as involving the result under the attending circumstances.

84    3
86  719
84    3
f90  228

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART. The opinion states the case.

*E. D. Cavin* and *Hume & Kleberg,* for appellant.--1. When a defendant has violated a duty imposed upon him by law he is liable to every person injured whose injury is the natural and probable consequence of his misconduct; and said liability extends to such injuries as might reasonably have been anticipated under ordinary circumstances as the natural and probable result of the wrongful act. If subsequent to the original wrongful or negligent act a new cause has intervened, and if the intervening cause and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrongdoer, the causal connection between the original wrongful act and the subsequent injury is not broken, and the original wrongdoer is liable in damages for the injury. Seale v. Railway, 65 Texas, 277, 278; Railway v. McKinsey, 78 Texas, 299; Galveston v. Posnainsky, 62 Texas, 134; 1 Suth. on Dam., p. 64; Elliot on Roads and Streets, pp. 451, 452.

2. If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other. Railway v. McWhirter, 77 Texas, 361; Markham v. Navigation Co., 73 Texas, 247; Elliot on Roads and Streets, p. 631; Thomp. on Neg., p. 1088; 1 Suth. on Dam., pp. 64–68.

3. Whether or not the defendant might have reasonably anticipated such injuries as the plaintiff sustained and the manner in which they were sustained, as the natural and probable result of its negligence in permitting the pile of lumber to remain in one of its public streets, is purely a question of fact of which the jury, under our law, are the exclusive judges. Jones v. George, 61 Texas, 353; Eames v. Railway, 63 Texas, 666; 1 Thomp. on Neg., p. 146; 2 Thomp. on Neg., p. 1100, sec. 12; Railway v. Pindar, 53 Ill., 457; Fent v. Railway, 59 Ill., 349.

*H. W. Rhodes,* for appellee.—The proximate cause of plaintiff's injury was not the presence of the lumber pile upon the street, but the same was caused by the intervention of a new cause, the independent act of a third party, to-wit, the striking of this lumber pile by Peter Peterson with his drayload of long, heavy timbers; for although the lumber was in the street, it was safely piled and could not fall of itself; and this new intervening agency was so extraordinary and of such a nature as could not have been reasonably contemplated by the defendant. Brandon v. Manufacturing Co., 51 Texas, 121; Seale v. Railway, 65 Texas, 274; Cuff v. Railway, 35 N. J., 32; 2 Dill. on Mun. Corp., p. 1007, note 3; 10 Wall., 176, 190; 7 Laws., pp. 4007, 4019, 6286.

COLLARD, JUDGE, *Section A.*—This suit was brought by Pauline V. Gonzales, the appellant, a minor, by her next friend Andeses Gonzales, against the city of Galveston, to recover damages for injuries received by her caused by the falling of lumber from a pile of lumber alleged to have been unlawfully placed in Twenty-seventh Street and allowed to remain there, the city having notice of the fact. It seems that lumber had been piled in the street—carefully piled—by A. J. Perkins & Co., lumber dealers; and such a pile of lumber had been there in the street for some years, a part of the street being used by Perkins & Co. as a lumber yard. On the 13th day of May, 1890, a drayman, Peter Peterson, was hauling lumber loaded diagonally on his dray, and had occasion to turn into the street from an alley and to pass by the pile of lumber in the street. In doing so, and he says driving carefully, his load came in contact with the pile of lumber and knocked off some heavy pieces on the opposite side from him. The plaintiff Pauline Gonzales and another child, Maggie O'Reagan, were on the opposite side of the lumber pile, out of sight of the drayman. The falling lumber struck the children, killing Maggie O'Reagan immediately, and severely injuring the plaintiff. The petition is not objectionable, showing that but for the unlawful piling of the lumber in the street and allowing it to remain there, which fact the city knew, the accident would not have occurred. The defense set up was, that the lumber was carefully and safely piled in the street by A. J. Perkins & Co., near the west sidewalk, so as to leave at the locality an open and unobstructed space for travel in the usual mode, and that while the children were playing near the pile of lumber, between it and the west sidewalk, the drayman carelessly drove his load of lumber against the same, knocking off some of the pile, and so caused the injury without any fault on the part of defendant, and that but for the careless act of the drayman the injury would not have occurred. It is also set up by defendant that the injury was not caused by any careless piling of the lumber. There was evidence tending to establish the facts set up in defense.

The court instructed the jury as follows: "The proximate cause of plaintiff's injury was not the pile of lumber, but was the act of the dray load of lumber being driven against the pile of lumber, which, although on the street, was properly piled, and therefore the law will not in such case cause any liability on the part of the city, and you should find a verdict for the defendant."

Plaintiff's case is based upon the theory that the placing of the lumber in the street was unlawful; that the city authorities knew it was there, and wrongfully and negligently suffered it to remain there as an obstruction to travel, its charter giving it full control over its streets, alleys, and public ways, and its ordinances authorizing and requiring it to remove all obstructions therefrom. The city's liability is based

upon its negligence in failing to remove the obstruction. The court refused instructions asked by plaintiff presenting this view of the case. Error is assigned to the charge given and to the rejection of the charges asked.

The first question to be determined by the jury was, whether the city was negligent in failing to cause the obstruction to be removed from the street, and did the city have notice of the same, or was it charged with notice from the length of time it was there or from any other circumstance. It is contended by appellee, that if this fact be found in the affirmative, yet the injury was caused by the act of an intermediate agency, by the act of the drayman as the proximate cause, and the city would not be liable. We do not think this is the principle governing the case. If it should be held that it was negligence on the part of defendant at the time of the injury to have failed to remove the obstruction from the street, and this failure and the act of the drayman both concurring caused the injury, the city would be liable. This would be true whether the act of the drayman was negligent or not.

It is true, if the drayman had not run his load against the lumber the accident would not have occurred, and, on the other hand, if the lumber had not been in the street it would not have occurred. Dispense with either of these facts, and there would have been no injury. The liability can not be tested in this manner, nor by comparing the negligence of the two if both were guilty of negligence. If the presence of the lumber pile in the street was at the time chargeable to the negligence of the city, and such negligence, together with the act of the drayman, caused the injury, it would be in part the proximate cause. This view is in accord with the decisions of our Supreme Court. In the case of the International & Great Northern Railway v. Clark, 81 Texas, 48, this doctrine is unmistakably adopted by our Supreme Court. Justice Henry, delivering the opinion, approves the principle stated by text writers, quoting from them as follows: "An intervening act of an independent voluntary agent does not arrest causation, nor relieve the person doing the first wrong from the consequences of his wrong, if such intervening act was one which would ordinarily be expected to flow from the act of the first wrongdoer. The mere fact that another person concurs or co-operates in producing the injury, or contributes thereto in any degree, whether large or small, is of no importance." The opinion proceeds to add, "If the negligent acts of the defendant and the electric wire company were simultaneous and concurrent, both were liable for the consequences." See other authorities cited in the case.

In the case before us, as has often been said, the question of negligence or not on the part of the city should have been left to the jury. If the city were guilty of negligence, and it was a concurring proximate, existing cause of the injury, and the plaintiff was guilty of no

contributory negligence, she should recover. The jury should determine these issues from all the facts, taking into consideration the powers, duties, and rights of the city under its charter and city ordinances. The court erred in taking the case out of the hands of the jury by the charge. The charge seems to lay stress upon the fact that the lumber was carefully and safely piled, and that if it was, the verdict should be for the defendant.

The most important question was, Was it negligent for the city to suffer the lumber to remain in the street at all? Was the lumber pile an obstruction in the street, and was the city negligent in not removing it, or causing it to be done? If there was no negligence in this, or the city could lawfully allow the obstruction in the street (but we do not say it would be lawful for the purposes shown), then the manner of piling the lumber might become important to show negligence, or if negligence is shown in allowing it to be there, the manner of piling might be an additional proof of negligence; but it does not occur to us that the petition raises this question. If it were unlawful and negligent to fail to remove it from the street, the fact that it was carefully and safely piled would be immaterial; provided its being there was a concurring proximate cause of the injury. By proximate cause we do not mean the last act of cause, or nearest act to the injury, but such act, wanting in ordinary care, as actively aided in producing the injury as a direct and existing cause. It need not be the sole cause, but it must be a concurring cause, such as might reasonably have been contemplated as involving the result under the attending circumstances. Eames v. Railway, 63 Texas, 664, 665; Jones v. George, 61 Texas, 353; Seale v. Railway, 65 Texas, 277, 278; Brandon v. Mfg. Co., 51 Texas, 128; 1 Thomp. on Neg., 144; 2 Thomp. on Neg., 1100, sec. 12, and note; 1 Suth. on Dam., 20, 22.

We conclude that because of the error in the court's charge the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 15, 1892.

A motion for rehearing was refused.