SOUTHWESTERN RY. CO. v. BRADFORD.

(Court of Civil Appeals of Texas. Texarkana. June 28, 1911. Rehearing Denied Oct. 5, 1911.)

1. RAILROADS (§ 351*)—CROSSING ACCIDENTS — INSTRUCTION — APPLICABILITY TO EVIDENCE.

Where, in an action against a railroad company for injuries caused by being jolted out of a wagon while driving over a highway crossing, there was no evidence that plaintiff was hurt because of turns in the dirt road, and he testified that he was thrown out of his wagon while crossing the track at a public street by the hind wheels pitching up just as the front wheels passed over the last rail, and defendant's evidence was that plaintiff was hurt about 70 yards west of the crossing because of the team shying, a requested charge that, if plaintiff was thrown from his wagon because of turns in the dirt road which were there when the company laid its tracks and constructed the crossing, plaintiff could not recover, was properly refused.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 351.*]

2. TRIAL (§ 252*)—INSTRUCTIONS—REQUESTS.

A requested charge submitting an issue not raised by the evidence was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

3. RAILROADS (§ 350*)—CROSSING ACCIDENT—EXISTENCE OF PUBLIC CROSSING — JURY QUESTION.

In an action against a railroad company for injuries by being jolted from a wagon while crossing a railroad street crossing, evidence *held* to make it a jury question whether the platted street was accepted and used by the public as a street.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 350.*]

4. TRIAL (§ 219*) — INSTRUCTION — DEFINITIONS.

Failure to define what would be a defective crossing, as referred to in an instruction in an action for injuries by being jolted from a wagon at a railroad street crossing, that if the crossing was defectively constructed and maintained "as alleged by plaintiff in his petition" the jury might find negligence by the railroad company, was not affirmative error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 489; Dec. Dig. § 219.*]

5. RAILROADS (§ 348*)—CROSSING ACCIDENTS—ACTIONS—INJURIES—SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

Evidence, in an action against a railroad company for personal injuries by being jolted from a wagon at a railroad highway crossing, *held* to sustain a finding that plaintiff was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 348.*]

6. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—INSTRUCTIONS ALREADY GIVEN.

Special charges requested were properly refused, where their subject-matter was fully embraced in the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

7. DAMAGES (§ 216*)—INSTRUCTIONS.

In an action against a railroad company for injuries by being jolted from a wagon on a railroad highway crossing, the court instructed that, if the jury found for plaintiff, in assessing damages they should consider such of the following matters as had been proved, to wit, a sum of money which, if now paid, would reasonably compensate for any lost capacity to earn money in the future or past by reason of any injuries sustained. The evidence put in issue plaintiff's incapacity to labor as much after the injury as before, and loss of compensation between the injury and trial as well as after trial by reason of lessened capacity to labor. *Held,* that the instruction was proper.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 216.*]

8. RAILROADS (§ 326*)—CROSSING ACCIDENTS—INJURIES—CONTRIBUTORY NEGLIGENCE.

Plaintiff, who was injured while driving across a railroad highway crossing by being jolted out of his wagon, was not bound to commit a trespass by going on another's land to prevent crossing the railroad crossing, and was not guilty of contributory negligence in driving across the crossing instead of going home by a private way across another's land, where the landowner had told him not to permit his employés to use such way, and plaintiff understood therefrom that the owner did not want anybody to use the way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1037–1042; Dec. Dig. § 326.*]

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Action by C. E. Bradford against the Southwestern Railway Company. From a

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r indexes

judgment for plaintiff, defendant appeals. Affirmed.

The owners of the land had laid out and platted the present town of Halsell into lots and streets and dedicated the streets to public use. A roadway used by the public for several years prior to the dedication crosses a part of one of the streets, and such part of the street is still so used by the public. The platted street extends up to and on each side of appellant's railway track. The road crosses the right of way and track of appellant, and the appellant has recognized it as a crossing for the public and maintained it as such since the construction of its railway about two years before the trial. Appellee lived about 250 yards from the crossing. At the time of the injury appellee was returning from his ranch, driving a wagon and team. The wagon had some fence posts in it. The crossing was reached a little after dark. At the crossing the rails and part of the ties were above the surface of the ground, and the roadbed between the rails had worn away. On account of the condition of the crossing, the appellee, who was standing in the wagon while driving across it, was, while driving across the track, thrown suddenly and violently out of the wagon, ·and sustained severe injury. Claiming that he had received his injury because of the defective and negligent manner in which appellant had maintained a public crossing, the appellee sued for damages. Appellant answered by denial and plea of contributory negligence. All issues of fact were decided by the jury against the contention of appellant, and the evidence warrants the finding that appellant was guilty of negligence as pleaded proximately causing the injury, and that appellee was not guilty of contributory negligence, and for the amount awarded.

Davis & Thomason and Wantland & Parish, for appellant. Allen & Allen and Taylor, Jones & Humphrey, for appellee.

LEVY, J. (after stating the facts as above). [1] By the first assignment error is predicated upon the refusal to give a special charge to the effect that, if plaintiff was thrown· from his wagon because of the crooks and turns in the dirt road, and such crooks and turns were in the road at the time the railway company laid its track and fixed the same as a crossing, and were not made any shorter or sharper than they were, then the plaintiff could not recover. There was no evidence of appellee's being hurt on account of crooks and turns in the road. In the evidence appellee contended that he was violently thrown out of his wagon while crossing the railway track at a public street or crossing. His testimony was that, "just as the front wheels of the wagon passed over the last rail, the hind wheels pitched up" and threw him on the doubletree of the wagon, injuring him. It was the contention

of appellant in the evidence that appellee was not hurt on the right of way or crossing at all, but was injured about 70 yards west of the crossing on account of the team's shying at a clump of bushes. The court in the charge authorized a recovery solely upon the finding that appellee was injured while crossing the railway track. So, clearly there was no error in refusing to submit an issue neither raised by the evidence nor relied upon for recovery. The assignment is overruled.

[2] The second assignment complains of the refusal to give a charge to the effect that, if at the time the railway company laid its track and fixed the crossing the dirt road leading to and from the top of the embankment was crooked and tortuous, the railway was under no legal obligation to straighten or widen it, but merely to leave it in its former condition of usefulness as near as practicable and so maintain it. The point made is that the roadway was merely a private way and not such highway for public use as required the railway company to maintain it for the use of the public. But, as the special charge sought to submit an issue not raised by the evidence, it must be said there was no error in refusing it, and that the point made is not pertinent. It is in effect the same question as presented in the first assignment. Appellee did not contend that he was injured on account of the dirt road approaching the crossing being crooked. The assignment is overruled.

Upon the ground that there was no evidence that the street had ever been accepted or used by the public, it is contended in the third assignment that the court erred in submitting to the jury for finding whether or not there was a street. That portion of the charge reads: "If you find and believe from the testimony that C. E. Bradford, while crossing the railway track on February 7, 1910, at Halsell, Tex., was thrown from his wagon and injured as alleged by him in his petition, and you further find and believe that such place of crossing was over a street in the town of Halsell and was over a road used by the public, and that the said railway company recognized and maintained a crossing over its track at such point for the use and benefit of the public," etc. The court did not, as seen, submit to the jury for finding whether or not there was a street, but the issue of whether the railway crossing was over a street in the town of Halsell and over a road used by the public. The evidence shows that the town of Halsell was laid out and platted into lots and streets. The map of the town in the record and the evidence shows that the railway runs through the town and over a platted street of the town. The surveyor offered as a witness by appellant says that a street of the town extends from each side of the railroad and across it, and that the railway crossing is in the street. The railway crossing in evidence is in the middle of that street, as shown by actual

measurement on the ground. The evidence is undisputed that a road habitually used by the public passes across the upper part of the street and through a private lot; thence across the track. There is also evidence going to show that appellant through its section crew had maintained a crossing at this point of its track for the use and benefit of the public since the construction of the railway about two years before the trial. So it can be said from the record that the owners of the land some years ago platted the town of Halsell and dedicated streets to the public, that the town is still in existence, that the portion of the particular street in question, dedicated as a street, is used by the public, and has been for a long time, as a passway for pedestrians and vehicles, and that the railway company recognized the use and maintained a crossing for such public use. The court's charge, as seen, besides requiring the jury to find that this crossing was over a street in the town, also required the jury to find, before appellee could recover, that the roadway was used by the public and that the railway company recognized and maintained it as a public crossing.

[3] So it could not properly be said, we think, that there was not sufficient evidence going to show that the platted street in question was accepted or used by the public to require the submission of the issue to the jury.

[4] The court's charge authorized the jury to find negligence on appellant's part if "such crossing was defectively constructed and so maintained by the defendant on February 7, 1910, as alleged by plaintiff in his petition." The fourth assignment predicates error on this charge upon the ground that the court failed to define to the jury what would or would not be a defective crossing. The court confined the jury to the negligent acts alleged in the petition, and there was no affirmative error.

The court gave a full and complete charge on contributory negligence as requested by appellant, and this cured any omission in the main charge that could be complained of in the fifth assignment, and it is accordingly, overruled.

The court properly charged on the burden of proof, and the sixth assignment is overruled.

By the seventh and eighth assignments it is contended that appellee was guilty of contributory negligence as a matter of law in undertaking to cross the track. According to the evidence, other persons and appellee himself had driven frequently and safely across the track in its condition. The rails and part of the ties were higher than the surface of the ground. It was not imminently dangerous to drive across, and injury was not ordinarily likely to occur. It is not unusual for a driver to stand in the wagon, and it is not an obviously dangerous act to do so. Appellee says he was driving slowly and carefully. It was a question of fact for the jury to decide under all the circumstances of the case, we think, whether an ordinarily prudent person would drive a wagon across the track, as here, and stand while driving.

[5] The jury under pertinent instructions made the finding that appellee was not guilty of contributory negligence proximately causing the injury, and the evidence supports the finding.

[6] There was no error in refusing to give the special charges complained of in the ninth and tenth assignments. The subject-matter relied on as a defense therein was fully covered and embraced in the special charge that was requested and given by the court.

[7] The eleventh assignment attacks as error the court's charge as to the measure of damages in respect to diminished earning capacity. The court instructed the jury: "If your verdict be for your plaintiff, then in assessing the damages you may take into consideration the following matters, if they have all been proven, and, if they have not all been proven, you may take into consideration such as has been proven, if any: * * * A sum of money, if paid now, that would be a reasonable compensation for any lost capacity, if any, of plaintiff to earn money in the future, or reasonable compensation for any lost capacity, if any, to earn money in the past by reason of any injuries he may have shown himself to have sustained." There was an issue of incapacity to labor as much after the injury as before, and of whether after injury, and before trial, he had lost compensation by reason of lessened capacity, and would after trial and in the future. The court left it in the alternative for the jury to say. The assignment is overruled.

[8] The twelfth assignment complains of the refusal to give a special charge on contributory negligence. The effect of the charge was that, if appellee had another safe and convenient roadway home, and voluntarily chose the road leading over the crossing knowing at the time that it was defective, he would be precluded from recovery. The evidence shows that there was a roadway leading towards appellee's house, but the evidence shows undisputedly that it was a mere private way in the inclosed pasture land of Mr. Gill. There were closed gates to the pasture; sometimes the gates were locked. It further appears that previous to the injury the owner of the land had forbidden its use. It is undisputed that Mr. Gill had come to appellee and told him to instruct his hands not to go through his pasture road any more. It is true that Mr. Gill did not expressly say to appellee that he should not himself go through the pasture, but appellee so understood it as not wanting him or anybody else to go through. Gill did not tell appellee that he could use that road-

way. Appellee was not required to commit a trespass upon the inclosed land of another. The facts are unlike the facts in the cases of Railway Co. v. Samuels, 123 S. W. 121, and Railway Co. v. Gassgamp, 69 Tex. 545, 7 S. W. 227, cited. There were the roads were open to travel and were publicly used. Here there was no road that could properly be said to be open to appellee in his right to travel.

The judgment was ordered affirmed.