GALVESTON, H. & S. A. RY. CO. et al. v. PACKARD et al. (No. 674.)

(Court of Civil Appeals of Texas. El Paso. March 1, 1917. Rehearing Denied March 22, 1917.)

1. CARRIERS ☞305(1), 411—INJURY TO PASSENGER—CONCURRENT PROXIMATE CAUSES.

Negligence of the Pullman Company in not closing the gate at the end of its car next the baggage car when the train stopped where it knew the train would be cut between the two cars, and negligence of the railway company in cutting the train without seeing that the gate was closed, were concurrent proximate causes of injury to a passenger from the cutting of the train as she was stepping from one to the other of such cars.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1136–1139, 1245, 1579, 1581.]

2. NEGLIGENCE ☞136(3)—PROXIMATE CAUSE—DETERMINATION BY COURT.

Any duty of the court to determine proximate cause was performed when, on the jury's special findings of negligence of each defendant being a proximate cause, it rendered judgment against both.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 280.]

3. APPEAL AND ERROR ☞729—ASSIGNMENT OF ERROR—SUFFICIENCY.

Assignment of error, "Because the court erred in submitting * * * any question that * * * could or did suggest * * * that there were joint duties and liabilities of defendants," is insufficient to point out the matter complained of; many issues being submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2998, 3013.]

4. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Admission of testimony as to duty of employés is not reversible error; other like testimony, subject to the same objection, that it disclosed that the witnesses were not qualified to testify, being admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157.]

5. APPEAL AND ERROR ☞683—RECORD—REVIEW—OBJECTIONS TO DEPOSITION.

It not appearing how long the deposition had been on file, right to make objection, at

the trial, to it, relating to the form and manner of taking it, is not apparent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2907.]

6. APPEAL AND ERROR ☞1060(1)—HARMLESS ERROR—ARGUMENT.

Any error in permitting counsel in argument to jury to read and comment on a part of the original answer was harmless, where it could not, especially in view of findings of the jury, have had any influence on them in determining the issues, and the amended answer was practically the same.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Maud Packard and another against the Galveston, Harrisburg & San Antonio Railway Company and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Beall, Kemp & Nagle and Burges & Burges, all of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for appellants. T. A. Falvey and Walthall & Gamble, all of El Paso, for appellees.

HIGGINS, J. Mrs. Packard was a passenger from Houston to El Paso upon a train of the Galveston, Harrisburg & San Antonio Railway Company. She had Pullman transportation issued by the Pullman Company, entitling her to space in a standard Pullman, which was a part of the train equipment. A Pullman tourist car also constituted a part of the equipment. The tourist car was immediately behind the baggage car. There was a door in the rear end of the baggage car. The rear end of the baggage car had no platform. Entrance to the baggage car could be effected by stepping through the door from the front platform of the tourist car. Mrs. Packard boarded the train in Houston at 10 p. m., accompanied by a small dog, which she carried in a basket. She rode in the standard Pullman in the space assigned to her. The next morning she was required by the Pullman porter to take the dog out of the Pullman. For this purpose she proceeded through the train, accompanied by the porter, to the baggage car, where it was her purpose to leave the dog in care of the baggagemaster. She entered the baggage car through the door above mentioned. The porter returned to his car, passing out of the baggage car through the end door. Mrs. Packard reached the baggage car a short time before the arrival of the train at Del Rio. When she reached the car she inquired of the baggagemaster how long it would be before the train reached a stopping place. He informed her it would arrive at Del Rio in a few minutes. She then inquired if the train would stop long enough to give the dog some exercise. He replied she would have ample time to take the dog off and return it before the train departed. At the invitation of the baggagemaster she waited in the car until the

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

arrival of the train at Del Rio. In a short time the train reached Del Rio, and Mrs. Packard with her dog passed through the end door to the platform of the tourist car, thence to the ground or platform, where she gave the dog some exercise. She then started to return to the baggage car with her dog in the same way as she had made her exit. She testified the baggagemaster directed her to return the dog to the car the same way she went out. As she was in the act of stepping through the vestibule of the tourist car from the platform of such car through the door of the baggage car, the two cars were separated by a switching movement of the train. By reason thereof, she was precipitated to the ground, and sustained serious personal injuries. On account thereof she and her husband brought this action to recover damages against the Railway and Pullman Companies. Among other grounds of negligence, it was alleged that defendants were negligent in failing to close the gate at the end of the platform of the tourist car before the cut of the train was made and in failing to have same closed when the cut was made. There is evidence that it was the duty of the Pullman employés to close the gate and keep it closed when a cut of the cars was to be made, and that it was also the duty of the employés of the railway company to see that the gate was closed before making a cut of the cars, and to close the same if it was open. The design and purpose of closing such gates upon the cars was to prevent passengers passing from one car to another when a switching operation was to be made, involving a cut of the cars. The facts stated above, in connection with the facts established by the findings of the jury, are all that is necessary to be stated in passing upon the various assignments.

In response to special issues, the jury found the following facts: That plaintiff was caused to fall from the car at Del Rio as claimed in her petition and injured as complained; that defendants, or one of them, failed to exercise ordinary care in switching and separating the cars of the train at Del Rio, or in opening the end gate or permitting the same to be opened; that she was not guilty of contributory negligence, and had sustained damages in the sum of $5,200.65; that her injuries were caused by the negligence of both the defendants; that the negligence of the Pullman Company was not the sole, proximate cause of the injuries, but that the same were proximately caused by the negligence of both defendants; that it was the duty of the employés of the Pullman Company, either alone or in connection with the employés of the railway company, to close the gate of the tourist car and to see that it was kept closed while the train in question was being cut at Del Rio; that the employés of the Pullman Company failed to close the gate of the tourist car, or failed to keep the gate closed while the train was being cut at Del Rio, and that such failure upon the part of the employés of the Pullman Company was negligence, and that such failure was the proximate cause, or one of the proximate causes, of the injury; that it was the duty of the Pullman Company, in the exercise of ordinary care, either alone or in conjunction with the railroad company, to have had some one stationed at the gateway of the tourist car next to the baggage car while switching was being done, to have seen that the gate was closed, or to have warned passengers that said cars were to be separated; that the Pullman Company did not have any one stationed at the gateway to see that the gate was closed or to so warn the passengers, and that its failure so to do was negligence, and was the proximate cause, or one of the proximate causes, of the injury to plaintiff; that plaintiff did not tell the Pullman porter she intended to take her dog out for exercise at Del Rio; that the Pullman porter who accompanied her to the baggage car, after conducting her there, left open the gate of the tourist car next to the baggage car, and that in so doing he was negligent, and such negligence on his part was the proximate cause, or one of the proximate causes, of plaintiff's injuries; that she was riding in the baggage car of the railway company at the time the train arrived at the station in Del Rio; that the baggagemaster upon the train was an employé of Wells Fargo & Co., acting for the railway company; that plaintiff made known to the baggagemaster her desire to and intention of leaving the car at Del Rio for the purpose of exercising her dog on the railway station platform and of returning it to the baggage car; that the baggagemaster did not notify her that the cars of the train would be separated at Del Rio, and that the failure to warn her thereof was negligence; that the baggagemaster instructed her how to return the dog to the car; that the baggagemaster did not direct the train porter or some other person to show plaintiff out of the baggage car; that no one opened the end door of the baggage car and directed plaintiff to pass out that way; that plaintiff did not communicate to the employés of the Pullman Company her intention of taking her dog out for exercise at Del Rio, and that she would undertake to re-enter the baggage car; that the railway company, or its employés, by the use of ordinary care and prudence could have known that the Pullman employés had left open the gate between the baggage car and tourist car, and they took no steps to avoid the consequences of leaving such gate open; that the railway company, its servants, agents, or employés, separated the baggage car from the tourist car, knowing the vestibule gate of said tourist car was opened, or at such time as they, in the exercise of ordinary care and prudence, could have known that said gate was open, and that their action

in so moving said car was negligence, and was the proximate or a proximate cause of plaintiff's injuries.

Upon the facts so found, the court entered judgment for plaintiffs against both defendants for said sum of $5,200.65, and the defendants appeal.

We will first dispose of the assignments presented by the Pullman Company.

[1] According to the evidence and jury's findings, both defendants were guilty of negligence; the Pullman Company, in not closing the gate at the end of the tourist car next to the baggage car when the train stopped at Del Rio and when it was known to it that the train would be cut between the two cars, and the railway company was negligent in separating the cars without seeing that the gate was closed. It appears that if the Pullman Company had not been negligent in failing to close the gate, Mrs. Packard would not have been injured. It also appears that if the railway company had not been negligent in separating the cars without seeing that the gate was closed, she would not have been injured. The Pullman Company insists that its negligence was not the proximate cause of the injury, but that the injury was proximately caused by the independent and intervening act of negligence of the railway company. It is quite clear that if either defendant had performed its duty, the passage from the platform of the tourist car into the baggage car would have been barred and the accident and consequent injury to Mrs. Packard would not have occurred. But both defendants were negligent, and the injury, we think, was caused by the concurring negligent acts of them both, and both acts were proximate causes of the injury. Neither act of negligence, independent of the negligent act of the other, would have caused the injury. To absolve the Pullman Company from liability for its negligent act in leaving the gate open as a concurring proximate cause of the injury and hold that the sole, proximate cause was the negligent act of the railway company, it must appear that the act of negligence of the railway company was an efficient and independent cause of the injury, and that the injury was not dependent upon the negligent act of the Pullman Company. If it appears that the injury would not have occurred but for the connected acts of negligence of both appellants, that the act of negligence of both, each dependent on the other, caused the injury, neither can claim that its negligent act was remote and not a proximate cause. We think it so appears and both acts should be considered as proximate causes of Mrs. Packard's injuries. The Pullman Company cannot be heard to say:

"It is true that I was guilty of negligence in leaving the gate open, but if the railway company had guarded against my negligence, it would not have caused the injury."

Nor can the railway company say:

"It is true that I was guilty of negligence in separating the cars without seeing that the gate was closed, but no injury would have occurred unless the Pullman Company had been guilty of negligence in leaving the gate open."

Neither can be guilty of negligence that caused the injury and free itself from liability therefor upon the ground that it had the right to presume that the other would not be guilty of negligence. But each party must perform its duty for the protection of the passengers without regard to the acts of the other. The injury to Mrs. Packard, as a result of the failure to close the gate, ought reasonably to have been foreseen by the Pullman Company. It concurred with the subsequent negligence of the railway company in causing the injury. There was an unbroken connection between the original negligent act and the result. The facts show a continuous succession of events so linked together as to make a natural whole. The negligent act of the railway company cannot be considered as the intervention of a wholly independent causative agency. Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Markham v. Navigation Co., 73 Tex. 247, 11 S. W. 131; Gonzales v. City of Galveston, 84 Tex. 6, 19 S. W. 284, 31 Am. St. Rep. 17; Railway Co. v. McWhirter, 77 Tex. 356, 14 S. W. 26, 19 Am. St. Rep. 755; Railway Co. v. Cardwell, 187 S. W. 1073; Shippers, etc., v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032. The court submitted this issue:

"If you find that the accident or injury to Maud Packard, if any, was caused by the negligence of defendants, or either of them, then state which of them, and if you find both of them, so state."

Error is assigned to the submission of this issue, two propositions being urged, namely:

"It is error for the court to submit to the jury an issue not raised by the pleadings nor suggested by the evidence."

"The question presented was a mixed question of law and fact, and it was the duty of the court, and not the duty of the jury, to determine which was the proximate and which the remote cause of the injury."

The first proposition is without merit. The pleadings and evidence plainly raised the issue of which defendant's negligence caused the injury, or whether it was caused by the negligence of both.

[2] As to the second objection, if it was the duty of the court to determine which was the proximate cause of the injury, then it has done so by its action in rendering judgment against the Pullman Company.

[3] The sixth assignment reads:

"Because the court erred in submitting to the jury any question that by reason of its phraseology could or did suggest to the jury that there were joint duties and liabilities of defendants, and the failure to perform which by either would make both defendants jointly liable to the plaintiff."

This assignment is insufficient to advise us what question it is contended is subject to the objection made. There were a great

many issues submitted, and so far as the assignment is concerned, it does not advise this, nor did it point out to the trial court in what way it violated the rule contended for. But in any event, the rule asserted in the assignment has no pertinency here. In response to special issues the jury has found, and its finding is supported by the evidence, that both defendants were negligent in the particulars noted above. And under the views expressed above, the Pullman Company became liable jointly with the railway company, since its negligence proximately concurred with that of the railway company in causing the injury.

[4] The seventh, eighth, ninth, and tenth assignments complain of the admission of testimony of certain employés of the railway company that it was the duty of the employés of the Pullman Company to close the vestibule gate on the platform of the tourist car. It is objected that the witnesses by their own testimony disclosed that they were not qualified to testify as to the duty of the Pullman employés in that particular. Other testimony of like nature and subject to the same objection was admitted without objection. The assignments therefore present no reversible error.

[5] Error is assigned to the admission of certain answers of the witness Williams, who testified by deposition. The objection related to the form and manner of taking the deposition. It does not appear how long the deposition had been on file. The right to urge such an objection to the deposition upon the trial of the cause is therefore not apparent. Furthermore, we think the answers were fairly responsive to the questions asked.

[6] Error is assigned to the action of the court in permitting counsel for the railway company in argument to the jury to read and comment upon a portion of the Pullman Company's original answer, which portion of the answer had been made upon information and belief and had theretofore been excluded when offered in evidence by the railway company. The portion of the answer so read and commented upon reads:

"And thereupon the said porter and the said Mrs. Packard did proceed to the baggage car to turn over the aforesaid dog to the baggagemaster, whereupon the said Mrs. Maud Packard did insist upon and did remain in the baggage car of this defendant's codefendant, directing the porter of this defendant to return for her in five minutes, which said porter did, and was thereupon advised by the said Mrs. Packard that she would continue in the baggage car until she reached the city of Del Rio, Tex., where she would take the dog from the car and exercise it on the depot platform."

We cannot see how reading and commenting upon this paragraph of the answer could possibly have had any influence upon the jury in determining the material issues submitted to them. Especially so, in view of the fact that the jury found that Mrs. Packard did not tell the Pullman porter or other employés of the Pullman Company that she intended to take her dog out for exercise at Del Rio. Furthermore, the pleading upon which the cause was tried made substantially the same allegations in practically the same language. The error, if any, was harmless.

The assignments presented by the railway company are urged only in event it is held reversible error is shown by the assignments of the Pullman Company. Finding no error in the Pullman Company's assignments, the railway company's assignments stand as waived.

Affirmed.