**JUSTISS et al. v. NAQUIN et al.**
No. 10885.

Court of Civil Appeals of Texas.   Galveston.
Jan. 25, 1940.

Rehearing Denied Feb. 15, 1940.

W. C. Campbell, of Palestine, and Mc-Entire & Shank, Eckford & McMahon, and James H. Walker, all of Dallas, for appellants.

Touchstone, Wight, Gormley, Strasburger & Price, of Dallas, for appellees Mrs. Lena Milam and Mary Edith Rupp.

J. D. Pickett and Tom Pickett, both of Palestine, for appellees G. J. and Ruby Lee Naquin.

GRAVES, Justice.

Despite an inordinate record over all (inclusive of transcript, statement of facts, and briefs) of about 2,000 pages, this appeal—when reduced to its ultimate of issues material at this time—is simply one from an aggregate judgment for $8,500 in favor of Ruby Lee Naquin, a minor, and her father, G. J. Naquin ($7,000 hers, $1,500 his), against appellants, J. F. Justiss and his employers, Hassie and Margaret Hunt (composing the partnership of Penrod Drilling Company), as for personal injuries suffered by such minor and entailed expenses cast upon her father, in a collision in Anderson County between appellants' car, driven by Justiss, and one owned by Mrs. Milam, and driven by Miss Rupp, in which the appellee-minor was riding.

A decree was entered, both upon a jury's verdict on special-issues and independent findings of the court itself, the ultimate gist of all of which was that the collision had resulted from the concurring negligence of the two drivers of the respective cars, Miss Rupp and J. F. Justiss, the details thereof having been—severally stated— substantially as follows:

"(1) The negligence of Miss Rupp consisted, among other acts, in having steered her car off the pavement, after passing another car, and then cutting the car too sharply to the left to put it back on the pavement; in turning loose of the steering wheel as the car came back on the pavement, the car going at an angle across the eighteen-foot pavement, slowing down all the time, until the front half of the car was entirely off the pavement on the north or east side thereof and the car still in motion, when appellants' automobile— driven by J. F. Justiss at a speed in excess of 45 miles per hour—approached and struck the Milam car on the right-hand side, toward the back end. The impact of the collision reversed the Milam car, without turning it over, and it rolled slowly down the shoulder of the road, and came to rest pointing in the opposite direction from that in which it had been travelling. At the point of collision, the paved highway extended in a general East-West direction. The collision occurred wholly on Justiss' half of the highway, which some of the witnesses called the north side, and others called the east side, of the highway. The jury found Justiss to be guilty of negligence, which proximately caused the collision: (1) In approaching the place of collision at a speed in excess of 45 miles per hour; (2) in driving with his car out of control as he approached the place of collision; (3) in driving with his car out of control at the very moment of the collision; and (4) in driving his car at a dangerous rate of speed at the very point where the collision occurred."

The appellees did not sue Mrs. Milam and Miss Rupp, owner and driver, respectively, of the car carrying the minor, considering themselves in the circumstances precluded from so doing by Texas Vernon's Ann.Civ.St. Article 6701-b; but appellants did sue them for contribution and indemnity, under averments that their own

negligence in the collision, if any, had been passive, while that of Mrs. Milam and Miss Rupp had been active.

The trial court, however, before submitting the' jury-issues, peremptorily instructed a verdict in favor of 'Mrs. Milam and Miss Rupp, which, as affected the trial below, took them out of the case; notwithstanding that action, the appellants perfected an appeal, pursuant to their action below, against those two ladies; but, since the original submission of the cause to this court, they have moved here for permission to dismiss that appeal, and upon consideration of the cause as a whole, it has been granted; wherefore, they are no longer involved.

In addition to the findings noted supra, the jury also determined the accident not to have been an unavoidable one, and that the appellants had not been guilty of certain additional acts of negligence under detailed specifications of the appellees that their driver, Justiss, had discovered the minor's peril in time to have avoided injuring her, had he lived up to the new duties cast upon him by such discovery.

Appellants ably inveigh against the judgment on many grounds, the principal ones being, in substance, these:

(1) Their motion for judgment non obstante veredicto should have been granted, because "as a matter of law, J. F. Justiss was not bound to anticipate that the driver of a car which was approaching him from the opposite direction would lose control thereof and veer over on the wrong side of the road; and therefore the negligence of Justiss could not be a proximate cause of the collision; that the presence of the Rupp car on the wrong side of the road was the sole proximate cause, and the acts of the driver of the other car in losing control and driving over on the wrong side of the road, were new, independent causes; particularly so, since the jury found that J. F. Justiss did not fail to use ordinary care after he discovered the perilous position of the occupants of the Rupp car."

Substantially this same contention is repeated in another form by their subsidiary ones that the stated findings of negligence against Miss Rupp had, as a matter of law, concluded the controversy in their favor, thereby disclosing the errors of the trial court, not only in having refused submission to the jury of their specially requested

issues 398 to 402, inclusive, but also in overruling their motion for a new trial based upon the same grounds.

(2) That the court erred in its rulings upon the receipt · and exclusion of . testimony, in discarding res gestae declarations of Miss Rupp, immediately after the accident, to the effect that it had been her fault, that all of a sudden she had lost control of her car, and didn't know how it happened, etc.

(3) That the trial court reversibly erred in its definitions of "unavoidable accident", "under control", and "new and independent cause."

(4) That there was prejudicial error in the submission of special issue No. 17 in the form given, because it did not require the jury to make any finding it might return as to injuries to Ruby Lee Naquin, or the extent thereof, "from a preponderance of the evidence".

(5) That there was error in submitting special issue No. 18, inquiring as to what her father had reasonably and necessarily expended in the care and treatment of Ruby Lee's "injuries as proximately resulted from such collision", because it assumed she had received injuries so resulting; and there was further prejudice in permitting the jury to take into consideration any decreased earning-capacity they might find Ruby Lee would suffer after she had attained the age of 21, because there was no evidence supporting such issue.

(6) That the arguments of appellees' counsel to the jury, Hon. J. D. Pickett, both in his opening and closing ones, as specified in appellants' propositions 40 to 49, inclusive, were improper, involved matters outside of the record, and were prejudicial; hence the court committed reversible error in overruling appellants' motion for a new trial because thereof.

Because appellants' original brief was amended so as to incorporate for the first time their bills of exception under their propositions Nos. 40 to 49, inclusive, relating to challenged arguments of appellees' counsel, referred to in paragraph (6) supra, appellees' supplemental brief—conforming their own original one so as to constitute a reply thereto—has been permitted to be filed.

So that, as conceived by this court, the summary of appellants' contentions in preceding paragraphs (1) to (6), inclusive,

reflects at least the major ones of their presentments.

The removal of Mrs. Milam and Miss Rupp as parties in any way to the appeal materially reduces the task of this court in its endeavor to apply the law to the issues left in the cause; it eliminates all pre-existing issues as to whether or not the appellee, Ruby Lee Naquin, was engaged in a joint-enterprise with Mrs. Milam and Miss Rupp, and as to whether or not Miss Rupp's negligence as found by the court and jury was attributable to her, leaving the cause as now justiciable upon this record to have been undisputedly brought within the purview of Vernon's Ann.Civ.St. Article 6701-b, known as the "guest statute"; indeed, it is this court's understanding that the appellants so conceived, their stated motion to dismiss their appeal as to Mrs. Milam and Miss Rupp having carried an alternative prayer that the judgment below be affirmed as to those two parties they had perfected an appeal against; further, they abandoned in arguments all discussion to the contrary.

■ At all events, the trial court's theory in the issues submitted to the jury was that the "guest statute" applied, and that action is approved.

■ Further, under well-settled authority, none of the multitudinous acts of negligence found by the jury in answering special-issues against Miss Rupp, under whose driving Ruby Lee was in law a guest of herself and Mrs. Milam, were imputable to Ruby Lee or her father in this their action against appellants for having, by the latters' own acts of negligence, caused this collision.

■ As applied to the resulting situation and to the whole record in so far as reflects it, it is determined that none of appellants' enumerated positions should be sustained; the first of them is thought to present the major question in the cause, and, without undertaking to discuss all the minutiae urged in support thereof, which the limitations of this opinion and the court's time make impracticable, is overruled upon these among other considerations:

By findings of the court and jury upon sufficient evidence, after the jury at least had been cross-examined by the submission of special-issues properly seeking to elicit all ultimate matters of fact raised by the pleadings and testimony relating thereto on both sides, it was—in effect—determined:

(1) That the collision and consequent injuries had proximately resulted from the concurring negligence of the two drivers of the respective cars—Miss Rupp for Mrs. Milam, and J. F. Justiss for appellants;

(2) That, in view of the position and condition of the Milam car at and immediately before the collision, Justiss' negligence in bearing down upon it, unable to control his car, at an illegal rate of speed of more than 45 miles per hour, without either stopping, slowing down below that speed, or turning to the left, at least concurred with the likewise-found negligence of Miss Rupp at the same time in causing the collision; and that, without such concurring negligence on his part, the accident would not have happened;

(3) That driver Justiss, in all the circumstances, both could and should have anticipated that other cars might be on his side of the road, and that his failure to do so and slow his speed, or turn his car slightly to the left, constituted a proximate cause of the collision in the absence of which it would not have occurred, along with the predicament Miss Rupp had negligently caused the car she was so driving to be in at the same time;

(4) That the negligence of Miss Rupp in none of the particulars detailed in the findings upon that subject constituted either the sole proximate cause, or a new and independent cause, of the collision.

These authorities are thought to support the conclusions stated: Art. 827a, Section 8, Texas Penal Code; Art. 790, Texas Penal Code; Gulf, C. & S. F. R. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659; Texas Power & Light Co. v. Culwell, Tex.Com.App., 34 S.W.2d 820; Texas Public Service v. Armstrong, Tex.Civ.App., 37 S.W.2d 294, 295; Mahoney v. Beatman, 110 Conn. 184, 147 A. 762, 66 A.L.R. 1121; Sandel v. State, 115 S.C. 168, 104 S.E. 567, 13 A.L.R. 1268; Carvel v. Kusel, Tex. Civ.App., 205 S.W. 941; Galveston, H. & S. A. Ry. Co. v. Packard, Tex.Civ.App., 193 S.W. 397, error refused; West Texas Coaches v. Madi, Tex.Com.App., 26 S.W. 2d 199; Keevil v. Ponsford, Tex.Civ.App., 173 S.W. 518, 519; Anderson v. Reichert, Tex.Civ.App., 116 S.W.2d 772; Blakesley v. Kircher, Tex.Com.App., 41 S.W.2d 53; San Antonio & A. P. R. Co. v. Behne, Tex.

Com.App., 231 S.W. 354; Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334; Carey v. Pure Distributing Corp., Tex.Sup., 124 S.W.2d 847; Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063, 1068; Eizenman v. Jaynes, Tex.Civ.App., 33 S.W.2d 254; Missouri, K. & T. R. Co. v. Cardwell, Tex.Civ.App., 187 S.W. 1073; Postal Telegraph & Cable Co. v. Saper, Tex.Civ.App., 108 S.W.2d 259; Gonzales v. City of Galveston, 84 Tex. 3, 19 S.W. 284, 31 Am.St.Rep. 17; Shafir v. Sieben, Mo.Sup., 233 S.W. 419, 17 A.L.R. 637; Farrar Lumber Co. v. McDonald, Tex.Civ.App., 32 S.W.2d 940; 45 C.J., page 921, sections 285, 499; Ramin v. Cosio, Tex.Civ.App., 85 S.W.2d 802; Lancaster v. Browder, Tex.Com.App., 256 S.W. 905.

■ Neither was there reversible error in the exclusion of the so-called res gestae declarations of Miss Rupp, as tendered through the witness Mrs. Morehead, to the effect that immediately after the accident she had heard a lady say she "was responsible for it"; nor in that of similar purport, as presented through the witnesses, Mrs. Turner Campe and Dr. Barrett; in this court's opinion, none of these statements came within the res gestae rule, none of them could have been admissible as a declaration against interest, because Miss Rupp—having so been eliminated as a party participant—had no interest left in the controversy; and, above all, because the whole case was tried by the appellees upon the theory that Miss Rupp had committed acts of negligence that concurred with the negligence of appellant Justiss as constituting proximate causes of the collision, hence, in any event, if that defensive position be sound, all such statements had become immaterial anyway, DeWalt v. Houston, 22 Tex.Civ.App. 409, 55 S.W. 534; San Antonio Pub. Service v. Alexander, Tex.Civ.App., 280 S.W. 753; Red Arrow Freight Lines v. Gravis, Tex.Civ.App., 84 S.W.2d 540; Wheeler v. Oregon R. Co., 16 Idaho 375, 102 P. 347; 76 A.L.R., pages 1126–1128; Foster v. Beckman, Tex.Civ.App., 85 S.W.2d 789; Great Atlantic & Pacific Tea Co. v. Walker, Tex.Civ.App., 104 S.W.2d 627, sec. 6; Metropolitan Casualty Ins. Co. v. Woody, Tex.Civ.App., 80 S.W.2d 771, sec. 2, error dismissed; 17 Tex.Jr. page 642, section 270; Anizan v. Paquette, Tex.Civ.App., 113 S.W.2d 196, error dismissed; Hall v. Simmons, 24 Tex. 227; Volume 39, Texas Digest, Witnesses, ■■■ Brotherhood of Locomotive Firemen & Engineers v. Raney, Tex.Civ.App., 101 S.W.2d 863, error dismissed.

■ None of the definitions assailed, that is, those expounding to the jury "unavoidable accident", "under control", and "new and independent cause", are thought, as applied to the individualistic facts of this particular case, to have been tainted with prejudicial error; in their order these definitions were as follows:

(1) "The term 'Unavoidable accident', as used in this charge, means an event or injury the happening of which is not caused in any degree, either directly or remotely, by the negligence of any one, and which event or injury could not have been foreseen by the exercise of ordinary care."

■ (2) "In connection with Special Issue No. 3, you are instructed that the term 'Under control', as applicable to Special Issue No. 3, means that the operator, by the means at his command and by the use of ordinary care, could so lessen the speed of his automobile or even stop it if necessary, as to avoid the danger of a collision without injury to any person or thing he could have reasonably anticipated as probably being on his righthand half of the highway, or near enough thereto to be struck by any part of his automobile."

■ (3) "The term 'New and independent cause' as used in this charge means the act or omission of a separate and independent agency, if any, which destroys the causal connection between the negligent act or omission of the defendant, if any, and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury, which act or omission of such separate and independent agency could not have been reasonably foreseen by the original wrong-doer in the exercise of ordinary care."

Authorities considered to authorize this statement as expressive of the rules applicable in the particular circumstances are, respectively as follows:

(1) Vesper v. Lavender, Tex.Civ.App., 149 S.W. 377, error dismissed; Magnolia Coca Cola Bottling Co. v. Jordan, Tex.Civ.App., 47 S.W.2d 901; Galveston H. & S. A. R. Co. v. Waldo, Tex.Civ.App., 77 S.W.2d 326, error dismissed; Brisco v. Metropolitan St. R. Co., 222 Mo. 104, 120 S.W. 1162; Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 65;

A.L.R. 129; Standard Oil v. United States, 4 Cir., 264 F. 66, 12 A.L.R. 1404;

(2) Wichita Falls Traction Co. v. McAbee, Tex.Civ.App., 21 S.W.2d 97, par. 7; Texas & N. O. R. Co. v. Mortensen, 27 Tex.Civ.App. 106, 66 S.W. 99, error denied; 65 C.J., page 1203; Carruthers v. Campbell, 195 Iowa 390, 192 N.W. 138, 28 A.L.R., page 949, note on page 952.

(3) Young v. Massey, 128 Tex. 638, 101 S.W.2d 809; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Commercial Standard Ins. Co. v. Shudde, Tex.Civ.App., (affirmed), 76 S.W.2d 561; Stedman Fruit Co. v. Smith, Tex.Civ.App., 28 S.W.2d 622, error dismissed.

■ The criticism of special-issue No. 17 in that it did not require any finding as to the existence or extent of any claimed injuries to Ruby Lee to be made "from a preponderance of the evidence", is likewise not well taken; that issue was as follows:

"What amount of money, if paid now in cash, do you find *from a preponderance of the evidence* will fairly compensate the plaintiff, Ruby Lee Naquin, for the injuries, *if any, alleged and proved* to have been received by her on the occasion in question?

"Answer: In Figures, if any." (Italics ours)

This amounts, in sum, to saying that, notwithstanding the emphasis hereby the underscoring, the phrase "preponderance of the evidence" should have been repeated after "alleged and proved"; this appears to this court to be a mere splitting of hairs as applied to the undisputed evidence in this case, wherein the seriousness and permanency of Ruby Lee's injuries appeared without any sort of dispute, hence that matter should not even have gone to the jury. Hebert v. New Amsterdam, Tex. Com.App., 3 S.W.2d 425; Smith v. Peeler, Tex.Com.App., 29 S.W.2d 975; Peeler v. Smith, Tex.Civ.App., 18 S.W.2d 938; Casualty Reciprocal Co. v. Stephens, Tex.Com. App., 45 S.W.2d 143; House v. Robertson, 89 Tex. 681, 36 S.W. 251; Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210; 50 C.J., page 827; Southwestern Ry. Co. v. Bradford, Tex.Civ.App., 139 S.W. 1046, error dismissed.

The same thing, in effect, may be properly said of the complaints under special-issue No. 18, designed to elicit what Mr. Naquin had reasonably and necessarily expended in the care of Ruby Lee's injuries;

in fact, appellants did not complain as to excessiveness in the amounts allowed either Ruby Lee or Mr. Naquin, nor could they successfully have done so under the evidence bearing upon that feature, hence their objections to these two issues would seem to be hypercritical in any event, the degree and character of Ruby Lee's injuries, as well as the nature and amount of the entailed expense upon her father, together with the amount thereof, having been wholly undisputed.

It was further self-evident—from the overwhelming proof shown of the seriousness and permanency of Ruby Lee's injuries, inclusive of the particular character thereof, and the respects in which they would deprive her of feminine normality when she reached mature womanhood— that her earning-capacity would necessarily be decreased.

Finally, a number of the arguments to the jury by appellees' able counsel, Hon. J. D. Pickett, are challenged as having been improper, outside the record, and reversibly prejudicial; this court, after a very careful examination of the whole record relating thereto, is unable to so hold; upon the contrary, while it is thought some of them may have been indiscreet and overdrawn, none were inflammatory nor sufficiently out of the record or unprovoked as to have in reasonable probability entailed injury upon the appellants; indeed, the statement therein that "such attorney himself had been at the scene of the collision immediately after it happened, and no one had seen him take the witness-stand in behalf of his client in the suit", appears not only to have been supported by the record but to have been in reply to, or at least to have been provoked by, the apparent efforts of appellants during the trial to connect this attorney up with other law-suits growing out of the same accident; his further statement, apparently made without any improper objective that "the court had very generously given him more time in which to argue the case, if he desired", appears to have been wholly harmless; counsel further indulged in embellishments and illustrations in his address to the jury, wherein he rhetorically asked that body—in discussing whether Ruby Lee had been negligent in riding with two other girls on one of the two seats in the Milam automobile—how much space one of their daughters would take up in such a situation, if she weighed approximately

what the evidence showed that Ruby Lee and the young girls with her weighed respectively; he then went on to argue from the jury's assumed answers, or his own imaginings thereon, that "it was common practice in this country for three people to ride on a seat in automobiles, that the ordinary family could not afford more than one car", etc.

There are a number of like or similar arguments, but it is deemed unnecessary to repeat further the substance of any of them, because, as indicated supra, none of them were inflammatory, no facts not already known to the jury were recited in any of them, nor, intrinsically, were any of them of such a nature as could not have been prevented entirely, or at least denuded of any prejudicial effect, by timely objection thereto made at the time; but appellants neither made any such objections during the trial, nor then requested any charge or other corrective or preventive action of the trial court, in fact made no protest against them until the filing of their motion for a new trial, which the court overruled;

Wherefore, it is held that no reversal should be ordered under these assignments; Gulf Refining Co. v. Rogers, Tex.Civ.App., 57 S.W.2d 183, error dismissed; Jaffe v. Deckard, Tex.Civ.App., 261 S.W. 390, error refused; Schmidt v. Houston Electric Co., Tex.Com.App., 242 S.W. 1019; Casualty Reciprocal Co. v. Stephens, Tex.Com. App., 45 S.W.2d 143; City of Waco v. Rook, Tex.Civ.App., 55 S.W.2d 649, error dismissed; Volume 36, Texas Digest, Trial, ▇▇▇▇▇▇ Tennessee Dairies v. Seibenhausen, Tex.Civ.App., 99 S.W.2d 323, error dismissed; American Nat. Ins. Co. v. Hammond, Tex.Civ.App., 91 S.W.2d 432, error dismissed; Texas & N. O. v. McGinnis, Tex.Civ.App., 81 S.W.2d 200, 209, affirmed, 130 Tex. 338, 109 S.W.2d 160; Maryland Casualty Co. v. Hill, Tex.Civ.App., 91 S. W.2d 391, error dismissed; Wells v. Henderson, Tex.Civ.App., 78 S.W.2d 683, error refused; Southwestern Gas & Electric Co. v. Hutchins, Tex.Civ.App., 68 S.W.2d 1085, error dismissed; Ochoa v. Winerich, 127 Tex. 542, 94 S.W.2d 416; Rio Grande E. P. & S. F. R. Co., v. Dupree, Tex.Com. App., 55 S.W.2d 522, error dismissed; Independent Life Ins. Co. v. Hogue, Tex. Civ.App., 70 S.W.2d 629, error dismissed; Robbins v. Wynne, Tex.Com.App., 44 S. W.2d 946; Texas Creosoting Co. v. Sims, Tex.Civ.App., 113 S.W.2d 227; Garcia v.

Moncada, 127 Tex. 453, 94 S.W.2d 123; Bradley v. Interurban Ry. Co., 191 Iowa 1351, 183 N.W. 493, 495; Dow v. Southern Pac. R. Co., 105 Cal.App. 378, 288 P. 89; Marchetti v. Southern Pac. Co., 204 Cal. 679, 269 P. 529; Campion v. Eakle, 79 Colo. 320, 246 P. 280, 47 A.L.R. 289; 41 Tex.Jur., page 781, section 62; O'Meara v. F. C. Williams et al. 137 S.W.2d 66, this day decided by this court, and authorities therein cited.

The cause as a whole, although extended and complicated in its reaches, appears to have been discriminatingly tried by the able trial Judge, and to have been determined in substantial accord with the law and the facts; this court is, therefore, constrained to uphold the action there taken.

An affirmance will be ordered.

Affirmed.